Austin F. Stillman and Sarah McClung Stillman, Husband and Wife v. Commissioner.
Stillman v. Commissioner
Docket No. 22342.
United States Tax Court
1950 Tax Ct. Memo LEXIS 192; 9 T.C.M. (CCH) 425; T.C.M. (RIA) 50129; May 31, 1950
Harry E. Gaylord, Esq., for the petitioners. Percy C. Young, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioners seek redetermination of a deficiency in income tax of $9,606.32 for 1945. The sole issue involved is the deductibility of the loss, if any, sustained by petitioners upon the sale of property which they had once occupied as a residence. Findings of Fact Petitioners are residents of Rockledge, Florida, and filed a joint return for 1945 with the collector for the district of Florida. In 1927 petitioners purchased real estate at 5 Red Oak Road, Bronxville, New York, for $10,800. In 1928 petitioners completed construction for their own occupancy of a residence upon the realty. They erected a ten-room stone house which was built of good materials, according *193 to the plans of a competent architect. The property was landscaped. It was located in a choice suburban residential neighborhood with excellent transportation facilities to New York City. Thereafter petitioners resided upon the property until the latter part of 1932 when they went to Florida. The real estate taxes were approximately $700 or $800 per year at that time. In November, 1932, they leased it for six months at a rental of $150 per month. In the years 1933, 1934, and 1935, petitioners resided upon the property during the months of May to October, inclusive, and they rented it during the other six months of each year. In 1936 and succeeding years petitioners remained in Florida. The property was rented continuously from November 1935 until May 1939. Petitioners occupied the house in the summer of 1939 while preparing the property for a new tenant who entered in November 1939. That tenant occupied the premises until his death in December 1944. Throughout those years the house was rented with the same furniture. In 1945 the rent control ceiling for the premises as a furnished home was $170 per month. In May 1945 petitioners contracted to sell, and in June 1945 they conveyed *194 the property for a gross sales price of $30,000. In their joint return for 1945 petitioners reported, with respect to that transaction, a gross sales price of $30,323.85, a basis of $48,323.16, sales expense of $2,070.27, and depreciation of $6,650. They claimed an ordinary loss of $13,419.58. In a notice of deficiency mailed on January 18, 1949, respondent disallowed that loss with the explanation that: "It has been determined that there was no loss or gain on the sale of the Bronxville property." The property was appropriated to income-producing purposes not earlier than November 1935, and on that date it had a fair market value of $30,000, and a remaining useful life of 60 years. Opinion Assuming that the occupancy of the property by petitioners in 1939 can be disregarded, the earliest date at which the record justifies a finding of conversion to income-producing purposes is 1935. Lloyd Jones, 39 B.T.A. 531. According to the testimony of petitioners' own witness, that was the period of lowest value for the property in question. [1] It is true that the same witness was of the opinion that the property had a high value ($45,000) in 1935, but other more reliable *195 evidence [2] indicates that it was worth at least as much in 1945 as it had been in the depth of the depression. Since the property was sold in 1945 for $30,000 and there is no indication of any likelihood that petitioners would have parted with the property for less than it was worth, we have made the ultimate finding, which is really dispositive of the proceeding, that the property was worth no more than $30,000 in 1935, the assumed date of conversion. [3]
*196 There is no evidence in the record of what the property cost. Respondent makes the further contention that the failure to show cost, regardless of value on the date of conversion, prohibits the allowance of any loss deduction, since it is possible that no loss was actually sustained. Joseph F. Cullman, Jr., 16 B.T.A. 991; Regulations 111, section 29.23(e)(1). See Helen B. Emmet, 11 T.C. 90, 95. These are, however, incidentals which need not detain us in the light of our conclusion that no deductible loss appears to have been suffered in any event. Decision will be entered for the respondent. Footnotes
1. "Q. Well, would you say then by November 1932 that the depression had finally gotten around to affect real estate prices seriously in Bronxville? "A. Not seriously. It didn't happen in Bronxville or Scarsdale until late 1933, 1934 and 1935." ↩
2. E.g., the property was rentable for more in 1945 ( $170) than it had been in 1935 ( $150), even though the 1945 rental was considered too low and only resulted from rent ceilings. The same furniture was in the premises on the later date by which time, however, it had had ten years of additional usage. Emphasis was placed throughout petitioners' case on the high quality and durable character of the construction, and in fact petitioners' opinion witness testified that when he inspected the property shortly before the hearing (1950) he found that the building was still in first-class condition. ↩
3. Even if the property was worth as much as $34,000 in 1935, there would have been no deductible loss since the difference would have been compensated for by allowable depreciation deductions.↩